UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE F. H. P.,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | Case No. 1:26-cv-07334-KES-FJS (HC)<br>(A-Number: 222-593-182)<br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br>(ECF No. 1)<br>FOURTEEN (14) DAY DEADLINE |

Plaintiff Jose F. H. P.[1] ("Petitioner") is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I. FACTUAL SUMMARY

Petitioner is a native and citizen of Honduras who entered the United States at an unknown location on an unknown date. (ECF No. 6 at 6.) Petitioner did not adjust his status to that of a lawful permanent resident or naturalize. (*Id.*)

On or about July 23, 2026, Petitioner was detained pursuant to an administrative warrant. (*Id.* at 9.) That same day, he was issued a Notice to Appear, placing him in removal proceedings

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

and charging him with inadmissibility under INA 212(a)(6)(A)(i) (present without admission or parole) and INA 212(a)(7)(A)(i)(I) (no valid admission documents). (*Id.* at 11.) On September 22, 2026, Petitioner was ordered removed to Honduras. (*Id.* at 20–23.) Petitioner waived appeal. (*Id.* at 23.) Petitioner remains detained.

Petitioner filed the instant petition on September 11, 2026, while detained at the California City ICE Detention Facility. (ECF No. 1.) Respondent filed a response to the petition on October 6, 2026. (ECF No. 6.) Respondent contends that the petition should be denied because Petitioner is currently within the 90-day removal period following a final order of removal and Petitioner has not shown that his detention is unlawful. (*Id.*)

## II. JURISDICTION

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)). Pertinent here, the Supreme Court specifically directed that federal courts have jurisdiction to review a constitutional challenge to a non-citizen's detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

Pursuant to 8 U.S.C. § 1231(a)(1)(B), the removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Thus, Petitioner's removal period began on September 22, 2026, the date his removal order became administratively final.[2] (*See* ECF No. 6 at 20–23.) Accordingly, Petitioner is currently subject to the 90-day removal period set forth in § 1231(a)(1)(A). During this removal period, "the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added). As Petitioner is now within the 90-day removal period set forth in § 1231(a)(1)(A), his detention is mandatory, and Petitioner is not entitled to a bond hearing or release at this time. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that after six months of confinement under 8 U.S.C. § 1231, an alien who can "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" may seek release after six months of detention). The petition should be dismissed.

[2] There is no argument that either 8 U.S.C. §§ 1231(a)(1)(B)(ii) or (iii) applies here.

IV. RECOMMENDATION

Based on the foregoing, the court HEREBY RECOMMENDS that the petition for writ of habeas corpus, (ECF No. 1), be dismissed.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **October 7, 2026**

UNITED STATES MAGISTRATE JUDGE